This is Green, Kassidy J. Green, the Kane County States Attorney at Al. Arguing on behalf of Ms. Kassidy Green is Ms. Victoria Joseph. Arguing on behalf of Ms. Natalie is Mr. Joel Flaxman. Thank you. I think we got him this time. Ms. Joseph, you may proceed. Good afternoon, Your Honors. I'm Victoria Joseph for the people of the State of Illinois, the Appellant in this case. May it please the Court and Counsel. A quick procedural overview of this case. The defendant was charged with six offenses and pled guilty to one count of aggravated unlawful use of a weapon. In exchange for the State null-passing the remaining five charges as part of a fully negotiated guilty plea. Under Aguilar, the defendant ended up pleading to something that was never a crime and his conviction was vacated. The people could not reinstate the null-pass charges under Chenal because of the statute of limitations. The defendant then petitioned for a certificate of innocence, presenting the vacation of his conviction in light of Aguilar, which showed he was legally innocent of that offense. However, he did not argue or present any facts that showed he was innocent of the remaining charges in the indictment. The trial court rejected the first district's holding in Warner, which found that the defendant was not required to make a showing of actual innocence of the remaining charges in the indictment and granted the certificate. The procedural posture here is equivalent to that in the case of Warner and the Fourth District's case of Brown. In both of those cases, it was also in a UUW, vacated under Aguilar, but there were additional charges that were null-passed as part of a guilty plea. Doesn't it come down to the interpretation of the legislative language here? This is wholly statutory interpretation. The people maintain that both Warner, the Warner court and the Brown court, followed the rules of statutory interpretation to find the legislative intent. They did consider the entire statute, looking at all of the language, but also followed the well-established rule that when you had different language in different sections, the legislature intended a different result. And that was what happened here. They walked through each of the subsections of the statute and found that some included the language, offense for which he was incarcerated, and found some subsections had offenses charged in the information or indictment. And it applied the statutory construction here to then interpret G3 that it included all of the offenses in the information or indictment. That did not change. Adding the word all as part of the interpretation did not change the name. Does the statute of limitations or the statute of repose have any implications in this case? No, they couldn't. Do you understand? No, no, I understand your question. I know, and I can't remember whether it was Warner or Brown that discussed that. They said it did not because there was no condition in the statute that required the people to be able to then prove him guilty at the time. So they found that the statute of limitations did not affect this. And the interpretation here is very consistent with the main purpose of the statute, which is to give relief to a falsely incarcerated innocent defendant so they can have a certificate that is then presumptive of their innocence to go into a court of claims and collect a money judgment from the state. And it would be absurd to award the defendant with such monetary damage when the state could have obtained convictions on the other charges in the indictment. What is the statute of limitations? The statute of limitations comes up as an affirmative defense. What's the policy usually behind it? So we do not have times where you've lost evidence. You no longer have the people. They're trying to see to it that stale claims are not brought. That is correct, Your Honor. And that is why this statute specifically addresses that issue in subsection A. And what does it say? It says that the – I will give you the exact language, Your Honor. Which section? Subsection A. That in the interest of justice, due consideration to difficulties of proof caused by the passage of time, the unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf. It's the last very end of subsection A of 2702. So the trial court is given that leeway in cases where you do have an offense that occurred in 2005 and now you're coming in 2022. And there may be difficulties there. But it is a high bar precisely for the reason of what this certificate is being used for. And we should not allow the defendant here to profit by his wrongdoing when he does not come into the certificate with clean hands. Is there different implications or different results arising out of a plea of guilty versus a trial on the merits? Under subsection G4, the people maintain that there is. I'm sorry? Under subsection G4 of the statute where the defendant has to show that he did not voluntarily bring about his conviction, it would definitely play into that analysis because you did voluntarily bring about your conviction. My plea? I'm sorry? A plea of guilty? A plea of guilty. You bring in about your conviction? Yes, because you are now admitting to the factual basis, which included in this case an admission that he did possess. Consider this scenario. I think this court ruled that when a defendant was asking for a certificate of innocence, he wasn't required to disprove theories that were not invoked or defenses to theories that weren't invoked during the trial on the merits. And, therefore, the defendant was not required to defend against or establish innocence relative to a new theory of recovery, which was accountability for the crime. That is correct. And, Palmer, that was the holding. Based upon that, if jeopardy attaches to the other charges in the indictment and the defendant can only be tried once on those charges, then it would seem that he doesn't have to prove any of the charges that aren't prosecuted against him that would be affected by jeopardy attaching in the trial on the merits. But jeopardy does not attach to the Noel Prost charges. I'm sorry? Jeopardy does not attach to the Noel Prost charges. Jeopardy attaches to the charge for which he pleaded guilty. You're telling me that if you Noel Prost a charge that shouldn't be joined, that it doesn't have any effect? You can be reinstated. The point is that there seems to be good arguments for determining that the phraseology in situations where there are plea of guilty and therefore it's usually not a blind plea, it's a negotiated plea, and that means that certain charges are Noel Prost. Well, they're Noel Prost, but because of the plea of guilty, the issue of jeopardy doesn't seem to have taken or isn't taken into account. Because in normal circumstances when there's not a defense of the statute of limitations, if that plea is withdrawn, those Noel Prost charges can be reinstated. The state can move to reinstate them or they can move to vacate. But if they should have been joined and they weren't, what's the implication? That the statutory language flies in the face of double jeopardy or former jeopardy and requires someone to prove his innocence about charges that cannot be brought, not because the statute is run, which you've already conceded, but because jeopardy has attached. This isn't a trick question. No, no, Your Honor, I understand that. But that, I believe, is why you do have the burden under G-4, because in the situation where the state is giving up, I mean, the fact that, let's say, the agreement had been made on one of the other valid charges, it was unfortunate in this case that it was the one that was later vacated under Aguilar. But there's nothing saying the people would not have prosecuted but for the guilty plea. And even under G-4, this court has interpreted under G-4 that even an acquittal, which is a finding of guilt as opposed to something that is not lost and there's been no finding of guilt, that an acquittal would not, you would still have to prove your innocence as to something where you're not guilty. The second phenomenon or the keystone is that by pleading guilty, he's caused his own conviction, and therefore it doesn't make any difference what you plead to. It can be a void ad initio. You're not going to get a certificate of innocence because of the fact that you were the cause of your conviction on the basis that you pled guilty. If you do not have any facts of support, your plea was not otherwise voluntary? Yes, Your Honor. Maybe like a default judgment? Again, the plain language here in both 3 and 4 does establish a higher burden. The people aren't disputing. But that's not the case here. But you have to show something. I think using Washington as a situation, which was the case the First District interpreted in G-4, saying that the guilty plea you cannot show you did not voluntarily bring about your conviction. I believe the facts in that case were he was trying to say my confession was coerced, therefore my plea was not voluntary, therefore I pled facts as to not voluntarily bringing about this conviction. But here we have no facts given at all where you do have an admission within the factual basis. You do have a stipulation to the factual basis. You have the guilty plea, and you have an agreement to what your criminal history was. And especially in a case where the factual basis would have at least supported one of the other charges in the indictment, you do not have clean hands that you're coming to get the certificate. Now, that does not preclude the fact that one does not get a certificate does not preclude you then still going to try to collect a money judgment. It just becomes more difficult. Let me use statutory language of 702 G-3. The petitioner is innocent of the offenses charged in the indictment or information, or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State. Now, here of the other charges that were dismissed, were there any felonies? I don't. Or are they primarily misdemeanors? I believe the other aggravated unlawful use were also class 4 felonies, as was the mob action. All right. And the other two were misdemeanors. So according to the misdemeanors, all he would have to prove is the information did not, the information on the two, on the other two misdemeanors, they were misdemeanors. So that should help. But he has to prove his innocence by a preponderance of the evidence on the mob action and the other two felonies. The other two felonies. And that's because they were all charged in the indictment or information. That is correct, Your Honor. Okay. And that is different from other language that says all the offenses. For which he is incarcerated. Right. And that would certainly distinguish all the offenses from just offenses. That is correct. That's your position. Had the legislature intended to let this only be the offenses for which he was incarcerated, they've used the language before, they would have used it again in this subsection. Okay. Any questions, Mary? No. I have one or two. Okay. Why couldn't this issue be interpreted to read or mean that all of the matters contained in the indictment for which one was sentenced to incarceration? Because that was not the language that the legislature used. So the legislature should have put something in in addition to that? If they meant there to be a condition, yes. If they meant something else, then they needed to put in additional language in the statute. Mr. Dixon? If the subject matter of this legislation relates to matters involving incarceration, then why isn't what I just asked reasonable? Isn't it implicit in the statute that it is concerned with sentences that took the liberty interest away from the individual and the liberty interest that might have arisen had the defendant been sentenced on the other counts in the indictment, which did not injure him, are immaterial? Not under the plain language of the statute. I do think the special concurrence in Brown at paragraph 40 sums this up nicely. It says, despite declaring twice that this statute was intended to aid those who were innocent of the offenses for which they are incarcerated, the legislature still required persons seeking the relief to prove their innocence of not just those claims, but the offenses charged. Any other questions? Thank you. Thank you. You'll have an opportunity to make a vote. Thank you, Your Honor. Mr. Klatsman, you may proceed. Thank you. I have what might be considered a silly question, but if the person is incarcerated on three counts and he proves innocence on two counts, does he get a certificate of innocence as to those two counts and not one as to the third? Or does he get nothing because he didn't win the jackpot? The First District addressed that question in People v. Moore. The holding in People v. Moore is that there is no partial certificate of innocence. There is no partial. That's correct. And I think the holding is directly applicable here because the language the court relied on is that language about offenses of incarceration. The holding of Moore is a petitioner must prove that they're innocent of all offenses for which they were incarcerated. And that's exactly the rule that we're asking the court to apply here to affirm the grant of the certificate of innocence to Mr. Green. Is that reasonable? Sure. That's reasonable because the interest of the statute is in incarceration. It's also in conviction. Those indications of legislative intent, the language of the statute in subsection B, and again in subsection H, limits the petitioner's petition and then the court's order to being about offenses of incarceration. Well, how is it not under 2702C2 where the indictment or information or the offense is charged under 702D is innocent of the offenses charged? Yes. So D refers to offenses charged. That's the same language in G3. Right. And it's our position that those sections are modified by section B and H. What section B says is that a person seeking a certificate of innocence shall request that certificate of innocence finding the petitioner innocent of all offenses for which he or she was incarcerated. So it's a shall. It's mandatory. And it says your request must be limited to the offenses for which you were incarcerated. So your relief that you get is based upon what you were incarcerated for, but you have to prove that you're innocent of the other charges that were never tried. And no sentence was imposed. That's the state's position. We disagree. Is that what Moore says? Moore says that you must prove innocence of the offenses for which you were incarcerated. The first district's ruling in Warner and also the fourth district's ruling in Brown, which the state relies on, those do say that you have to prove innocence of the offenses that the state chose to dismiss. Right. And we're asking the court to part ways from those to instead follow McClinton, which is a ruling from the third district that held, based on this language I'm relying on in subsection B and section H, that the court's inquiry is limited to the offenses of incarceration. The principle of reading the statute as a whole is what we rely on to say that subsection B limits the later references to the charges in the indictment or information, that it doesn't later say all charges in the indictment or information. And subsection H, which I've been referring to, that's about what the court orders. The court shall enter a certificate of innocence, finding that the petitioner was innocent of all offenses for which he or she was incarcerated. So to ask for the petitioner to prove something about offenses for which he was not incarcerated is inconsistent with that provision. The court doesn't have the authority to enter a certificate of innocence for those other offenses. Well, what's the whole rationale behind the certificate of innocence and going to the court of claims for money? I mean, he can't go to the court of claims and then get money for the UUW, and then is he going to be able to do or is he thinking that he could go back later, any defendant here, and say, oh, by the way, I was charged in these cases, too, or I'm going to get a certificate of innocence on these cases down the road if I need more money. I mean, do you understand what I'm saying? Shouldn't it all be one shot, one bite at the apple? Well, maybe I don't understand, because I don't know. There wouldn't be a certificate of innocence for an offense for which someone was not incarcerated. I don't know why someone would be requesting that. No offenses charged, indictments, nothing. So if there was no offense of conviction, another element that's required, I think it's G1, requires that the petitioner was convicted. But how about the other charges that come along with it? You're saying he doesn't have to prove his innocence on those charges. So under the terms, under the text of the statute, it's our position that those other offenses are not within the court's consideration. Okay. I see where you're coming from, but that's not what the state thinks, correct? That's right. They're thinking it's innocency offenses charged. Their position is that we have to show innocence of all offenses charged. Right. That's what I'm saying. What would the rationale be for your thinking that it's only the offenses that they're convicted of versus the rationale of the state for all of them? Okay. And driving recovery. Sure. And the rationale for not having to prove innocence of offenses that were now crossed is that the state chose to withdraw those charges. And there was no incarceration related to those charges. So they have nothing to do with the question of whether he can get a certificate of innocence, and this is the language in the statute, a certificate of innocence that he's innocent of all offenses for which he was incarcerated. And I keep harping on that limitation. An example that I would give is if I go to a restaurant and there's a long list of entrees on the menu, and I order the steak, my wife orders the chicken, our children order hamburgers, 20 minutes later, or hopefully sooner, 10 minutes later, the server says, the entrees will be right out. We know that he doesn't mean every single entree on the menu because we've limited what we are considering, what we're asking for. And that's exactly what we say the statute does in Section B. Well, here's a, and I don't know, maybe I should be asking this to Ms. Joseph, but if you're going to the court of claims with a certificate of innocence, you really had to be incarcerated, or else what's your damage, correct? I agree with that. And Mr. Green was incarcerated. No, I know that, but I'm thinking out loud. If you weren't incarcerated on the offense, why do you have to, and what do you take into the court of claims as far as a certificate of innocence on a case that you weren't incarcerated on? I agree with that, and I think that that goes to, there's another reason why the charges that were now crossed, or the charges that may have been dismissed in other ways, shouldn't be considered by the court on a certificate of innocence. They have nothing to do with that remedy that's ultimately being sought in the court of claims. Which is money. Which is money, correct. I like that question, but I asked it to the wrong person. You should have asked me. Who asked Ms. Joseph? The court also, I would invite the court also to look at the Supreme Court's opinion in Palmer, which I believe was the article that Justice McClaren was talking about, where the Supreme Court held that the State couldn't oppose a certificate of innocence by relying on a theory that hadn't been part of the original trial. In that case, it was an accomplished theory that had not been tried, that had not been charged, and the Supreme Court held that that theory couldn't be used to oppose a certificate of innocence. The holding, the language in Palmer is that subsection G3 requires a showing of innocence of the offense as it was charged in the indictment of information that resulted in the wrongful criminal conviction. So that focus on conviction is exactly what we're asking the court to apply here. And one other point about Palmer is that... Wait, in 3 it says offenses, not the offense. Are you reading from Palmer or are you reading from... I was reading from Palmer, and that's correct, that subsection 3 says the offenses, and our position is that it's limited to offenses of incarceration. So there were cases, and Moore was an example, where there were multiple offenses of incarceration. Actually, Palmer says offense. The charges in Palmer are confusing. It was a general verdict, even though there were five charges of first-degree murder. And that's why in Palmer the court looked at all of those charges. The court did not in Palmer look to the residential burglary charge for which he was found not guilty. And it's our position that that's correct, that a not guilty offense is the same as an offense that's not crossed. It doesn't come within the consideration for a certificate of innocence. Is that because not guilty does not result in the sentence of incarceration? Absolutely. It's not an offense of incarceration. To the extent the court looks at the Brown opinion from the Fourth District, there's a strong concurring opinion which talks about other confusing situations and how the court should resolve those. It's our position that they're all easily resolved by relying on just offenses of incarceration. The only last point I'll make is I'll answer more questions if there are any. Our position on Subsection G4, if they voluntarily caused or brought about the conviction, is that the state didn't press that below and it's forfeited. But to the extent the court considers it, the Washington decision they rely on is at the Supreme Court. We're waiting for an opinion. But that case is not about a void offense. For a void offense, the holding of the Third District in McClinton, which we ask the court to follow, is that you can't voluntarily cause a void offense because from the beginning it's not a crime. I have nothing. Sue? If I understand your argument, tell me if I do. If there are counts in an indictment or multiple indictments that do not result in a sentence of incarceration, any evidence relative to those counts are incompetent on the basis that because they didn't result in incarceration, that they are not affected or subject to the purview of the statute in question. Yes. But one point within your question was a question about multiple indictments. And I think that's something that is unanswered by the state's position, that if somebody had been charged in multiple indictments, they would, I think under the state's reading, if a second indictment were dismissed, that wouldn't be something you'd have to prove under the state's rule. And I think that really does not make the other rule, our rule that we're asking for, more sensible. Thank you. Thank you. Ms. Joseph, you may proceed with rebuttal. Thank you, Your Honors. Answer the question that I asked. Yes, I'm going back to that. Yes. You know, you think about the whole basis behind the certificate of innocence, and you alluded to it in your briefs as well as in argument, that you're going to go to the court of claims for compensation for being wrongfully convicted. Wrongfully incarcerated. Wrongfully incarcerated. Correct. So how about, why would you need a certificate of innocence on cases that you weren't incarcerated on? You wouldn't, Your Honor. That's provided for in the statute. It tells us who can seek them. I believe in B? Yes. In subsection B. It tells us who. And those are the people who were convicted and imprisoned. So if you weren't convicted and imprisoned, you are not seeking a certificate. Correct. Correct. Correct. Yeah. Got it. But the legislature went on to put different language in the burden of proof to show the elements to obtain that certificate. Yeah. And that is the plain language here. As far as the reliance on the language in Palmer or McClinton or Moore that says that these are the offenses in the indictment or information for which he was convicted, I just want to remind the court, this question was not before those courts. So to the extent that they put in that language, the people do maintain that that was a condition added to the language that was not the issue in the court. And as far as Palmer, your question about the theory is not a part of the original trial. We obviously didn't have a trial here. We had a guilty plea. But the quote theories would then be your additional charges that were in the indictment. You cited two sections that Mr. Flaxman related to, and then you pointed out however there are other sections that support your position. Is there a conflict between the sections cited by Mr. Flaxman vis-a-vis the sections cited by you? Or is it not a conflict? Is it a mere ambiguity? It's not a conflict or an ambiguity, Your Honor. It's... They seem only different? They are different, and the legislature intended them to be different. Otherwise, they would have used the same language each time. You wouldn't have to keep using... If you just said the language once and you never changed the language again, I believe even Justice Zinoff said, when you start the statute and you look at subsection A and subsection B in Brown, that if you stop there, it does look like it's Mr. Green's position. But when you read it as a whole, you do have to take into consideration that different language being used. That is a standard rule of statutory. Well, if a court can stick into the statute, the word, all, why can't we stick into the statute, the word, or words, all cases involving or all counts involving incarceration? Because all people maintain is not changing the meaning of the statute. When you say offenses in the indictment or information, you have offenses, which is plural. So you're looking at more than one, if your indictment or information had more than one offense. And even Palmer said you're modifying offenses in the indictment or information. So you're saying it's inclusive of the offenses in the indictment or information, which means all. I'm not sure how the courts... The breach of duty is, you're going to have to agree with me, but I'm giving you a hint. The breach of duty is wrongful incarceration. It's a breach of the duty to not wrongfully incarcerate innocent people. That's the reason why it's called a certificate of innocence. That is correct, Your Honor. So that's the breach of duty. And the damage is approximately caused, as pointed out by Justice Shostak, is the damage is incurred for wrongful incarceration that you go to the court of claims with a receipt indicating that for those charges that you were put in prison for, you were not only not guilty, but you were innocent. So what relevancy or materiality should we impart to counts that did not result in the wrong or the breach of duty that this statute was enacted to remedy? Because Your Honors cannot depart from the plain language... I'm sorry? Your Honors cannot depart from the plain language of the statute. And under the circumstances here, we did have a situation where there were valid other offenses for which he could have been incarcerated.  It would be completely different if he had not been incarcerated. It would be completely different, Your Honor, if he was only charged with the AUUW that was vacated under Aguilar. But that is not the circumstances we have here. And McClinton was a bench trial. And to the extent that there were other charges in the other cases, again, the question was not asked of the deciding court to interpret what you would do with those other charges. It almost was like they ignored it. And here we're asking specifically, we're asking for the interpretation on this to be consistent with the plain language that the legislature wrote. Thank you. Your Honor, you're asking us to make consistent what is inconsistent by adopting your interpretation. The people do not believe it is inconsistent, Your Honor. One section talks about those charges upon which relief can be granted relate to those charges which resulted in incarceration. And then you cite two sections that talk about that the defendant has to prove himself innocent of charges that he wasn't found guilty of, he wasn't sentenced on, and he wasn't incarcerated for. Do you not see a conflict between those two sections? No, Your Honor. Have you ever heard the term paramateria? P-A-R-I-M-E-A-T-E-R-I-A? No. Oh, you're getting here? I'm getting here now. I'm getting here now. What it means is that we're supposed to, we have a duty to try and interpret apparently or maybe just teensy-weensy sections of the statute that seem to have a conflict. And we're supposed to try and read into or interpret it in such a way that we don't come up with absurd results. And so, go ahead. Well, let's see. I'm not going to put words into Ms. Joseph's mouth, but the rest of that says charged within that same indictment or information. If they were charged separately, that would be an issue. That's not before us. That's all part of the same information for indictment. Does it make, I mean, maybe it made sense to them. I don't think there's any legislative history we've been able to find, at least I looked a little bit, but I didn't see any. Nothing too specific other than what was mentioned in either Warner or Brown that brought that up. It's just that you're charged with a list of things in the same indictment and presuming they're all there accurately. Now, that's another issue that we're not charged with here either. Then what do we do? And according to the statute, it says he, she, they, or it have to prove themselves not guilty by a preponderance of the evidence, which is the only give in this particular, you know, situation. The State has to use beyond a reasonable doubt and the defendant has to use preponderance of the evidence. And in the case where you have, especially in the factual situation here, where you had a guilty plea where he could have been incarcerated on another valid charge. So he got the benefit of the bargain. He got, there was a benefit of the bargain. Again, we, well, you may not see it as a bargain, Your Honor. For years on a void statute. But you're not profiting from having committed another wrong here that you could have been incarcerated for by now getting a monetary judgment. And that is why the people maintain that it is not inconsistent with the purpose of the statute, which is really to give relief to innocent, falsely incarcerated people. Thank you. Any other questions? No. No? We'll take the case under advisement and we'll render a decision after we all come to an agreement. Or not. Or not. Court's adjourned. Go ahead. Go ahead.